IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SHANE Q. COLE and )
COURTNEY N. COLE, )
 )
 )
    Plaintiffs, )
 )
v. )  Civil Action No. 01:10-cv-848
 )
GMAC MORTGAGE, LLC, and )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEM, INC. )
 )
    Defendants. )

### MEMORANDUM OPINION

This matter comes before the Court on Defendants GMAC Mortgage, LLC and Mortgage Electronic Registration System, Inc.'s ("Defendants" or "GMACM" and "MERS") Motion for Summary Judgment.

On July 5, 2005, Plaintiffs Shayne Q. Cole and Courtney N. Cole ("Plaintiffs") signed a note for $583,200 to First Savings Mortgage Corporation ("First Savings") in order to obtain a mortgage loan. To secure payment of the note, Plaintiffs signed and acknowledged a deed of trust, giving its holder a first priority lien on real estate located in Purcellville, Virginia. First Savings assigned the note to Residential Funding Company, LLC ("RFC"). RFC, the holder of the note, retained GMACM to act as servicer of the note during all times relevant to this case.

On October 2, 2009, GMACM sent a default letter to Plaintiffs based on Plaintiffs' failure to make mortgage payments between August 1, 2009 and October 1, 2009. On February 10, 2010, RFC authorized MERS to appoint ETS of Virginia, Inc. ("ETS") as substitute trustee under the deed of trust. As substitute trustee, on April 7, 2010, ETS mailed correspondence to Plaintiffs notifying them that a foreclosure of the Purcellville residence had been scheduled for May 6, 2010. However, GMACM postponed the foreclosure sale. ETS then sent Plaintiffs further correspondence on June 10, 2010, notifying them that the foreclosure sale had been scheduled for July 9, 2010.

In addition, on June 10, 2010, GMACM sent a letter to Plaintiffs advising Plaintiffs to submit complete financial information no later than seven business days prior to the foreclosure sale. The letter further stated that this submission would avoid referral of Plaintiffs' account to foreclosure or, if already referred, avoid a foreclosure sale while Plaintiffs' account was being reviewed for a loan modification program. Following this notification, on June 17, 2010, a newspaper published that the Purcellville, Virginia residence would be foreclosed upon.

GMACM received the requested documentation from Plaintiffs on approximately June 24, 2010 and thereby postponed the

foreclosure sale. However, in a letter dated July 14, 2010, GMACM denied Plaintiffs' request for a loan modification because GMACM determined that Plaintiffs lacked sufficient income.

Plaintiffs filed a Complaint in the Circuit Court of Loudon County seeking damages based on alleged breach of contract, fraud, and emotional distress. In addition, Plaintiffs seek declaratory judgment regarding foreclosure and related costs. On July 30, 2010, Defendants filed a Notice of Removal in this Court based on diversity jurisdiction conferred by 28 U.S.C. §§ 1332 and 1446. Defendants moved to dismiss Plaintiffs' Complaint for failing to state a claim under Rule 12(b)(6) on October 28, 2010 or, in the alternative, for summary judgment. However, because Defendants' Motion to Dismiss was untimely, the Court denied that Motion. Additionally, the Court denied the Motion for Summary Judgment without prejudice to be raised at the end of discovery.

This Court will grant summary judgment when a party fails to make a showing sufficient to establish the existence of any essential element of the party's case on which that party has the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c). A movant need only show that there is an absence of evidence or support for the opposing party's case. See Celotex Corp., 477 U.S. at 325. If the nonmovant fails to identify specific facts that

demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

I. Allegations Against GMACM

A. Breach of Contract

First, Plaintiffs allege that GMACM's October 2, 2009 default letter failed to comply with the requirements of the deed of trust. To support this argument, Plaintiffs state that the letter was sent to an outdated address in Sioux Falls, South Dakota and not actually received by Plaintiffs until after the 30-day cure period -- as required by the deed of trust -- had expired. The deed of trust states that

> The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date of notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in

acceleration of the sums secured by this Security Instrument and sale of the Property.

Plaintiffs refer to an August 29, 2009 letter in which Plaintiffs notified GMAC of their current address is in Purcellville, Virginia. However, Plaintiffs failed to provide this letter to Defendants prior to the close of discovery on February 11, 2011. Further, GMACM sent the October 2, 2009 letter to an address at which Plaintiffs maintained contact throughout the litigation. In fact, Mr. Cole admittedly came into possession of the letter sometime in the middle of 2010 and was therefore on notice of its existence.

In addition, Plaintiffs argue that GMACM failed to comply with the terms of the deed of trust because the letter did not provide adequate notice regarding Plaintiffs' ability to file suit or assert defenses. Paragraph 22 of the deed of trust states, in relevant part, that

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and the sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the

>non-existence of a default or any other defense of Borrower to acceleration and sale. . . .

Under Virginia law, "[a] material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." <u>Horton v. Horton</u>, 254 Va. 111, 115 (Va. 1997). GMACM states in its letter that Plaintiffs "have the right to assert or defend the non-existence of a default and you may have other rights under state law . . . ." This language materially complies with the deed of trust and is sufficient under Virginia law. It provides Plaintiffs with reasonable notice regarding the right to assert a legal defense despite the absence of the words "to bring a court action." Although Plaintiffs argue that GMACM's failure to include this exact language is of consequence, any deficiency in that regard is immaterial. Indeed, Plaintiffs retained counsel on July 2, 2010.

Second, Plaintiffs argue that GMACM's June 10, 2010 letter constituted a unilateral contract that GMACM anticipatorily breached by advertising the foreclosure sale in the newspaper. The Court finds that this argument is unpersuasive because not only did the letter lack the necessary consideration required for a contract, but GMACM's actions did not constitute a breach of any agreement between the parties. GMACM simply informed

Plaintiffs of the requirements necessary to be considered for a loan modification but did not make any promises regarding approval of any potential modification, nor did GMACM promise not to advertise the foreclosure sale.

Further, even if the June 10, 2010 letter constituted a contract, GMACM's postponement of the July 9, 2010 foreclosure sale was in accordance with the language provided in the letter. Once Plaintiffs submitted the documentation necessary for consideration of a loan modification, and before the date of the foreclosure sale, GMACM postponed the foreclosure sale. Significantly, no foreclosure sale on Plaintiffs' residence took place on July 9, 2010.

B. Emotional Distress

Plaintiffs seek damages for emotional distress pursuant to the holding in Moorehead v. State Farm Fire & Casualty Co., 123 F.Supp.2d 1004 (W.D. Va. 1984). In that case, the Court followed the Restatement (Second) of Contracts by holding that a successful emotional disturbance claim involves either "bodily injury" or that "the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." Id.

Plaintiffs admit in their depositions that they did not suffer any physical symptoms resulting from the first or second foreclosure notices. Plaintiffs contend, however, that they

experienced "emotional disturbance" as a result of the newspaper's publication of pre-foreclosure advertisements regarding the sale. Significantly, GMACM never represented to Plaintiffs that it would not advertise the July 9 foreclosure sale. Indeed, the Virginia Code provides for such pre-foreclosure advertisement. VA. CODE ANN. § 55-59.2 (2006) ("Failure to comply with the requirements for advertisement contained in this section shall, upon petition, render a sale of the property voidable by the court."). GMACM merely represented to Plaintiffs that the foreclosure sale would not occur should Plaintiffs submit current financial information. Once Plaintiffs submitted this information, GMACM postponed the foreclosure sale. There is no evidence that the contract nor any purported breach is "of such a kind that serious emotional disturbance was a particularly likely result."

Plaintiffs mention in the Complaint that Plaintiffs' daughter suffered emotional distress due to the foreclosure advertisement because individuals visited Plaintiffs' residence following that advertisement. However, Plaintiffs' daughter is not a party to this lawsuit and lacks standing with respect to any emotional distress that she may have suffered.

C. Fraud

Finally, Plaintiffs allege that GMACM acted fraudulently by issuing the June 10, 2010 letter and seek additional punitive

damages because of that alleged fraud.  However, GMACM did not make any unconditional promise to Plaintiffs with which GMACM did not act in accordance.  GMACM invited Plaintiffs to submit additional documentation in order to be considered for a loan modification program.  Upon receipt of that documentation, Plaintiffs postponed the foreclosure sale.  Indeed, and as previously mentioned, the July 9, 2010 foreclosure sale did not occur.  Plaintiffs fail to maintain a fraud claim under the same facts as the previous claims.

II. Allegations Against MERS

Plaintiffs' allegations against MERS fail because Plaintiffs do not allege any communication with MERS upon which relief can be based.  MERS is merely a nominee of the lender and is not subject to liability in this case.  Plaintiffs' complained of communications and actions were all allegedly performed by GMACM rather than MERS.  Moreover, MERS' appointment of ETS as a substitute trustee is authorized by §§ 55-59 of the Virginia Code.

For the forgoing reasons, Defendants' Motion for Summary Judgment should be granted.  An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
September 7, 2011